# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH URIBE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 06-CV-0310-GKF-PJC |
| THE CITY OF TULSA, et al. | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Officer Mark Kraft, Officer Timothy Lewandowski and Officer Alicia Maurer and the City of Tulsa (Document No. 39).[1]  At the hearing held on the motion, the Court by Minute Order denied the motion with respect to the City of Tulsa.

Summary judgment is proper only if "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, may not make credibility determinations or weigh the evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *Gossett v. Oklahoma ex rel. Bd. of Regents for Langston University,* 245 F.3d 1172, 1175 (10th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133 (2000).  Claims of qualified immunity are to be resolved at the earliest possible stage of litigation in order "to protect public officials from broad ranging discovery that can be peculiarly disruptive of effective government." *Anderson v. Creighton,* 483 U.S. 635, 646, n. 6, 107 S.Ct. 3034 (1987).  Therefore,

---

[1] Plaintiff filed an Amended Complaint (Doc. #45) on October 11, 2007.  The Amended Complaint addes Tulsa Police Department Sergeant Gary Meek as an additional defendant and asserts allegations concerning Meeks' conduct of the investigation of Plaintiff following his arrest and detention.  Meeks is not a party to the Motion for Summary Judgment.

it is appropriate to address this issue on summary judgment. *Id.*

This matter arises from a traffic stop in Tulsa on July 5, 2004. The following facts are undisputed: Plaintiff was pulled over by Officer Maurer, who had clocked him driving 89 miles per hour in a posted 40 mile per hour zone. Officer Kraft responded to assist Officer Maurer. (Document No. 39, Motion for Summary Judgment, Statement of Undisputed Fact No. 1, 2; Document No. 44, Plaintiff's Response to Defendant's Motion for Summary Judgment, Response to Defendant's Statement of Facts, No. 1)   The officers searched Plaintiff's car and found two plastic baggies containing a brown powder substance and a loaded firearm. (Document No. 39, Statement of Undisputed Fact No. 6; Document No. 44, Plaintiff's Response, No. 1) Officer Lewandowski performed a field test on the substance, which resulted in a presumptively positive result for amphetamine. (Document No. 39, Statement of Undisputed Fact No. 12; Document No. 44, Plaintiff's Response, No. 1) Plaintiff was arrested, jailed, and charged with transporting a loaded weapon, obstructing an officer, driving without a driver's license and aggravated speeding. (Document 39, Statement of Undisputed Fact No.16, No. 18, Ex. D; Plaintiff's Response No. 1, No. 9) Subsequent tests of the brown substance indicated it was not an illegal substance. (Document 39, Statement of Undisputed Fact No. 17; Plaintiff's Response No. 1)  Plaintiff ultimately pled guilty to one charge of aggravated speeding in Tulsa County District Court. The remaining charges were dismissed. (Document 39, Statement of Undisputed Fact No. 19; Plaintiff's Response No. 1).

Plaintiff alleges defendants are liable for civil damages under 42 U.S.C. §1983 for unlawful search of his car and person, unlawful arrest and detention, malicious prosecution and violation of internal city policy or state law. The individual defendants contend that the doctrine of qualified immunity shields them from liability for these claims.

Qualified immunity protects government officials from individual liability in a §1983 action unless the official's conduct violates clearly established constitutional rights. *See Perez v. Unified Gov't of Wyandotte County,* 432 F3d 1163, 1165 (10th Cir. 2005); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability, and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). As a result, the Supreme Court has stressed that it is critical to resolve immunity questions at the earliest possible stage in the litigation. *See Saucier v. Katz,* 533 U.S. 194, 199-201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

When a defendant raises a qualified immunity defense, the plaintiff bears the burden of establishing (1) that the defendant's action violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established at the time of the conduct at issue. *Perez,* 432 F.3d at 1165*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). The doctrine ensures that government actors have notice of the constitutional restrictions on their behavior. *Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

The 10th Circuit Court of Appeals, citing *Davenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588;, L.Ed.2d 437 (2004), has held:

> "The constitutionality of an arrest does not depend on the arresting officer's state of mind. It is constitutionally irrelevant that [the officer's] reason for arresting [plaintiff] was his incorrect belief that she had violated a restraining order. All that matters is whether he possessed knowledge of evidence that would provide probable cause to arrest her on *some ground.*"

*Apodaca v. City of Albuquerque,* 443 F.3d 1286, 1289 (10th Cir. 2006). An officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide

probable cause." *Id,* citing *Devenpeck.* "An arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as 'the circumstances, viewed objectively, justify the arrest." *Id.* An officer who sees a traffic offense committed in his presence has the right to arrest the offender without a warrant. *Gille v. State,* 743 P.2d 654, 656 (Okla. 1987).

Here, it is undisputed that Officer Maurer clocked Plaintiff driving 89 miles per hour in a 40 mile per hour zone. Ultimately, Plaintiff pled guilty to a charge of aggravated speeding. The probable cause test of *Devenpeck* and *Apodaca* was met, even if the other charges initially made were eventually dismissed. Because the officers had probable cause to make the arrest, they are entitled to the protection of the qualified immunity doctrine.

For the reasons set forth above, the Motion for Summary Judgment (Document #39) is granted with respect to Officers Kraft, Lewandowski and Maurer.

**IT IS SO ORDERED** this 26th day of September, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma